Your Honor, I may please the court. With the court's permission, I'd like to reserve three minutes for rebuttal. Wait, wait, just a minute. We're just changing a few bodies at the door. Your Honor, the issues in this appeal are narrow. At bottom, Mr. Wolfe is best asked to first stay in court. The district court's ruling in this case deprives him of that opportunity. In my argument, I only plan to address the two points on which the district court faces the dismissal of Mr. Wolfe's pro se complaint, the Rupert Baldwin Doctrine and Younger Extension. I think the other issues raised by the appellees are accurately addressed in my rebuttal. Of course, I'd be happy to answer any questions you might have. Your Honor, instead of administering my client's pro se constaint liberally, the district court regrettably misread it and then dismissed it, citing Rupert Baldwin and Younger Extension. But neither of these actually justified the dismissal. With respect to the Rupert Baldwin Doctrine, the district court erred in two crucial ways. First, the court thought that my client was actually subject to some sort of vexatious litigant order while he was before the district court. That's simply not true. There was no such order in place. Indeed, any such order was removed by court order of the California courts in 1999, long before he filed the suit. I saw the materials attached to your supplemental brief. Is that material in the record of the district court? That material is not in the record of the district court, Your Honor. The State's defendants asked the district court to take judicial notice of the fact that my client had been removed from the blacklist. But regrettably, the court note and the district court opinion indicates that they forgot to follow that motion to take notice. So those materials were not in front of the district court. Of course, we would argue that judicial notice is entirely proper in this court. Nonetheless, we're not asking for those documents to be admitted to the record. We would just like for this court to take notice based on federal rule of evidence 201 of this fact which cannot reasonably be disputed. Isn't there some dispute about whether the list includes only pre-filing orders and not bonding orders? No, there's no dispute about that. According to CCP 391.7, I believe it's only the pre-filing orders that are subject to getting removed. Right. So we could still be subject to bonding orders with regard to these cases you're complaining about as far as the list is concerned. So I'm going to have to stick you to the complaint. Sure. Absolutely, Your Honor. That'll work. Second, the district court thought that this suit principally challenged California's next-ages litigant statute, CCP 391, as applied to my client. But again, that's simply not the case. Fairly read, the complaint, we think, contains a broad facial challenge to that statute. And there's no real development problem with that sort of challenge. Suppose we thought that it contained both. It seems to me that the complaint does include a set of allegations which are not that he is currently subject to an order but that he's being treated as if he were currently subject to an order. And that those, or at least some of those current cases, seem to be implicated by the relief, by some of the relief he's had. But he also seems to have a, or arguably has a broad facial challenge. So what do we have for fulfillment for now, then? Your Honor, we would say that to the extent that Your Honor believes that there are those sorts of challenges, both as applied and facial in the complaint, we would respectfully disagree. But even if that is so, Your Honor, of course, in this circuit, prosaic pleadings are to be construed liberally. And in this case, the district court didn't do that. And moreover, a liberal construction would, we think, allow my client to go forward with this case under just the, excuse me, under just the broad facial challenge. There's precedent for that. This would be a liberal construction that leads things not into the complaint but out of the complaint? It's a fair point, Your Honor. But there's precedent for this sort of thing in Dubinco v. The Judges of the Superior Court, this Court's 1994 decision. At page 22, note 6, the Court recognizes that there are some allegations in the complainant issue in that case that might be taken to be as applied challenges. And the Court says, you know, to the extent that that's what's going on here, we don't deal with those. But the district court has jurisdiction to hear the appellant's facial challenges. Similarly, in Feldman itself, the Supreme Court held that there was no jurisdiction over the as-applied portion of the challenges, but there was, in fact, jurisdiction over the facial challenge. So, certainly, a remand to the district court just for my client to proceed with his broad facial challenge would be entirely appropriate. Now, if part of this, and this is again, if part of this suit is an as-applied challenge that is barred by Rooker-Feldman because it's a de facto appeal, is any part of the general constitutional challenge inextricably intertwined with the forbidden de facto appeal? Is that my hypothesis that I've just given you part of this case? Your Honor, we would respectfully submit that the Court need not get to an inextricable intertwining. But because there is no such de facto appeal here. Your Honor. It would be helpful, then, if you tried to walk through some pieces of the complaint. Sure. Because I, too, find it difficult to see. I mean, it says, for example, the benefit is acquired between December 9th, 1999, and March 2000. It keeps the plaintiff off on the fixation of the litigant's status. So that will conduct the first suit of the aforesaid six litigations. Now, that's not an allegation that he's on the list. It's an allegation that he's being treated on the list as if he's on the list. And the relief that he's asked for seems to ask him to eliminate that conspiracy or that attempt to treat him as if he's on the list. So there's something, there's some stuff in here that just seems to be about the current litigation and the way he's being treated for the current litigation. Oh, absolutely, Your Honor. So why is that not a de facto appeal? To be sure, Your Honor, there is some stuff that talks about the current litigation. But I think a fair reading of that stuff, I mean, again, keeping in mind that my client is a pro se litigant and that this pleading might not be as artfully drafted as it might have been, a fair reading of those allegations were that they were actually perhaps necessary just to achieve standing. I mean, if there's no chance that my client's ever going to be in the district court or a court at all, why would it matter if this is a de facto appeal? Well, and one could very well substantiate standing with regard to the validity of the pre-filing vexatious litigation statute that he's being morally treated as subject to the vexatious litigation statute. So it seems to me there's another thread here other than the actual vexatious litigation statute. To be honest, Your Honor, as I stand here, I'm not fully sure that I understand the section of the complaint entitled the conspiracy allegations. It might be fair to say that, in fact, this is just a pro se pleading and it may not be unambiguous. But if you look at paragraph 31, for instance, there can be no doubt that this is a broad vexatious challenge. It's on page 16 of the supplemental excerpts. It reads, as established in Dubinco, which is this course of 1994. I'm sorry. I'm swole. What page are you on? Page 16, Your Honor. Page 16 of supplemental excerpts? Yes, sir. I've got excerpts. Well, I'll listen carefully. Okay. In paragraph 31 of the complaint, it says, as established in Dubinco, this U.S. district court has jurisdiction of this action, because it presents a broad general challenge to CCP 391, which does not require review of any state court decision in a particular case. If they can't be more clear, were there ambiguity in response to the several motions to dismiss filed in the district court in the record at number 126? My client made clear that this is, in fact, a broad general challenge. He says the plaintiff is not asking the federal court to review any state court decision on any particular case, nor does the federal court have to review any state court decision on any particular case to determine whether or not the statute is unconstitutional on its face. And, again, page 18 of that filing, the plaintiff is asking this federal court to look at the statute on its face and to declare that on its face the statute is unconstitutional. These excerpts are set out in the reply brief of pages 5 to 6. He couldn't have been more clear. To be sure, the complaint is somewhat ambiguous. But it is certain that what is going on here is, at its heart, a broad facial challenge to the constitutionality of CCP 391. Trying to be under extension, I really don't have much to say other than the district court simply did not undertake a full analysis as required by district court's recent en banc decision in Green v. City of Tucson. Green describes as a threshold inquiry the question whether the released plaintiff's state proceeding. There would be no such interference here. Interfere under Green means seeking to enjoin or declare invalid or otherwise involve federal courts in terminating or truncating a state proceeding. Mr. Wolf wasn't asking for the end of any state proceeding. Indeed, he was asking to go forward with the six state court litigations free from the fear that this statute might be used against him. My opponents simply have no answer to the interference question. It's not mentioned in their briefs. I believe it's unanswerable. Your Honor, with respect, I will reserve the rest of my time for rebuttal. I have one question. You used the term blacklist. Yes, Your Honor. To refer to this. Your opponents took unbridled advantage of it. Has anybody ever called this list a blacklist before you did? Your Honor, I'm not aware of whether they have or not. I think certainly under a legal dictionary definition, it would be an adequate description. But if the intent was incentive, that was not intended, I'd be happy to just call it a vexatious litigant list for purposes of this case. Was the denomination of blacklist necessary to the intellectual formulation of your attack on him? It's in no way necessary. This Court would rather deal with it as the vexatious litigant list, and I'm happy to just call it that, Your Honor. All right. Thank you. Thank you, Your Honor. Good morning, Your Honor. My name is Jill Bowers, and it's my privilege this morning to represent the State of California, the California Supreme Court Justice Ronald M. George, California Court of Appeals Presiding Justice Gary Stranklin, and Judicial Council employee Deborah Silva. And I would like to advise the Court that when the co-defendant's counsel and I are splitting the time, 10 minutes from me and 10 minutes from you. Just a minute. We'll try to help you, but you'd be nice to chat also. Yes, sir, I will. Your Honor, we believe that this case can be fully affirmed on grounds existing in the record with respect to the immunities these defendants are entitled to. None of the defendants in this lawsuit have the capacity to be sued on any theory advanced by this plaintiff, and remand would be futile in this case. There's no question that the State of California and the Judicial Council are not amenable to suit under Section 1983, and we would submit that on this record, neither are the individual party defendants because the plaintiff's allegations with respect to ex-party young are simply insufficient. What part does the Judicial Council play in the, let's call it the administration of the list? Any part at all? Only with respect to, as I understand it, Your Honor, in that they maintain the list. In other words, they get, are advised of orders issued by the Superior Court, and then they put the list together and make it available, but they are not the part in making the decision whether or not somebody should be placed at the threshold on the list. So their function is only administrative. Administrative and ministerial. There's no judicial decision-making on the part of the council. No, sir. So where does immunity come in for an administrator in that context? Well, Your Honor, we believe, and I apologize, we didn't cite this case in our brief, but we believe there is time for the precedent to include the administrator in this judicial function under the protection of judicial immunity, and we would cite in that regard the case N. Ray Castillo v. Castillo. The citation for that is 297 F. 3rd 940, and in particular, the Penn site 946 to 949. In that case, the Ninth Circuit discussed the scope of judicial immunity, including, as it includes non-judicial officers. In that particular case, judicial immunity was extended to the assistant of a standing Chapter 13 bankruptcy trustee who had made a docketing error, which ultimately resulted in the bankrupt party losing her house, and the court still found that that assistant was entitled to judicial immunity. But that was in the process of adjudication, right? And here what we have is a... I'm sorry. Here what I think we have is a purely administrative task. Well, the task of the assistant in the Castillo case was administrative in the sense that they were simply setting a date for a hearing. Right, for a hearing. And part of a judicial proceeding. And giving notice. Right. And it was actually, I think, the failure to give the notice that caused part of that to appear. But here what we have is something that's outside, as I understand it, outside any particular judicial proceeding. The task is putting together a generic list that applies in any judicial proceeding and that doesn't have consequences unless and until such a proceeding is filed. Is that right? That's correct, Your Honor. But we would still submit that the function of maintaining the list is analogous to docket control, the docket control issue in Castillo. And we would submit that that would entitle the individual to sentence. You've been saying immunity, but there are various kinds of immunity. And so far, I think I've confirmed that the immunity you're relying on is judicial immunity. Yes. With respect to the state of California and the judicial council, you may be on firmer ground arguing that it's the 11th Amendment. Oh, yes, Your Honor. I apologize. I didn't. But that, of course, doesn't get you as far as you want to get because insofar as the individuals are being sued for injunctive relief, even though they are state officers, the 11th Amendment may not protect them because of the theory of ex parte young. Yes, Your Honor. Now, can you help me understand why there is judicial immunity not for a damaged suit? I understand that. And this is not a damaged suit. Is there judicial immunity from injunction under the theory of ex parte young or on some other basis? No, Your Honor. The court has made it clear that there is no absolute judicial immunity with respect to injunctive relief. But, Your Honor, in this case, we would submit that the issuance of injunctive relief in this particular case is not called for because the plaintiff simply hasn't made the showing of extraordinary circumstances which would be necessary to reach that result. And would you make the same argument if the reliefs were not injunctive relief but rather declaratory relief? Yes, Your Honor, I would because there is also precedent for the proposition that declaratory relief is as interfering in a state judicial process or in a civil proceeding as intubation of injunctive relief. And is the problem with respect to both injunctive relief and declaratory relief that it interferes with the operation of a state judiciary or that the harm is not sufficiently imminent? I mean, what's the theory as to why neither of those two is available? Your Honor, I would submit both. And Fenner v. McHale, as the case would suggest, that it's the interference with the state proceeding that is prohibited by this analysis. Your Honor, I did also want to – I'm not that confused. Could you give me some ballpark role in which this hearing, which is not based on judicial immunity and not based on eleventh immunity and not based on Younger v. Harris, what is it? What is – what – where is this hearing coming from? Your Honor, I think it's based in federalism constraints. And I would direct the Court's attention to a footnote. I think it's footnote 14 in the Virginia Supreme Court case in which the Court discussed it's – although the – there's no absolute judicial immunity, the Court discussed its reluctance to enter judicial relief – I mean, to enter injunctive relief against judicial process. And that's what you have in this case, Your Honor. I think it's important to bear in mind that what this plaintiff is asking for is either the declaration that these judges made a mistake, that they were wrong to be biased against him and wrong to conspire against him, or that there should be a blanket prohibition against their ever being able to determine that he's a vexatious litigant. And for that reason, Your Honor, I think the – the federalism constraint in this case would – would suggest the Court should exercise caution in – in retaining this case. Is there – oh, I'm sorry. Should that caution be exercised here or in the district court when we know what the record is? But what you have here is – is a complaint by a pro se litigant, which is basically incomprehensible. But maybe there's a need there. And if there is, wouldn't the – the judicial restraint have to call what the district court finds out the facts are later? We don't know. Why would we restrain ourselves for something we can't really understand? Well, Your Honor, I think the district court did fairly construe this plaintiff's complaint to include a challenge, a direct challenge to a request for de facto – for a PO, appellate review of a decision of – decision of justice strikement. And I would direct this Court's attention to paragraph 6 of the complaint, in which he overtly complained about a decision of – of – of the justice strikement. Paragraph 6 of the complaint, paragraph 24, paragraph 2060, and paragraph 2060 all involve plaintiff's allegations that he's disgruntled with a decision to place him on the vexatious litigant list, and also that there is a conspiracy aimed particularly at him to place him on the list. And we show that we submit, Your Honor, that the complaint – that the district court fairly construed the complaint to contain – to be barred by Rupert Feldman because he was asking the Court to find that justice strikement had made a mistake, and to find that these other justices were in error in conspiring against him. The relief, however, that's praised for – I mean, the complaint is sort of all over the place. The relief that's praised for is somewhat less all over the place, and does seem fairly focused on any facial challenge to the statute as a whole. So if we thought it contained both – I mean, in other words, if we thought that there were at least as also any facial challenges here, then why? No, Your Honor, I believe that the facial challenge is inextricably intertwined with the conspiracy allegations. If you just look at the language that the plaintiff used, he says the conspiracy wasn't his aim to plaintiff specifically on the basis of – Well, it's a little odd because his conspiracy claim is that there wasn't a valid order against him. So it couldn't be very inextricably intertwined, which is a term I hate anyway, because his claim there is not that there's a facial problem with the statute. It's that the statute doesn't apply to him. So there are two things going on, two quite separate things in this complaint. Well, Your Honor, we agree that the complaint is badly drafted, and the plaintiff never thoroughly looked at it. Well, even if it were quite well drafted, part one is this statute is no good anyway and I wanted him joined, and second of all, they're invalidly applying it to me right now. Well, Your Honor, it appears to the State Defendant that the plaintiff, although he never fairly – squarely describes the content of his six cases, he does – it does appear that he fairly alleges that all of his six pending cases implicated the vexatious litigation statute, and so the answer to the threshold question in green, whether release requested would interfere with ongoing State judicial proceedings, seems to me to be a bit of a question.   I don't think he's making a claim that he's not on that list yet, because what he's asking for is a declaration that he's – that he should not be on the list, that it was erroneous to place him on the list, and in essence he's asking for a license to pursue marriage with a client. But he's not on the list. I mean, he says in no uncertain terms that he's not on the list. They're just treating him like he's on the list. Well, Your Honor, I think the district court – Well, I think, Your Honor, the district – if he's not on the list, if they're just – I think his allegations that they're treating him as if he were on the list are not substantive. They're not concrete. And so that would go to the – to the question whether or not he's presented extraordinary circumstances under ex parte young and – and younger. Could you tell me where is this extraordinary circumstance coming from? Yes, Your Honor. It's the court's analysis in Younger v. Harris and progeny that look at the – So that's not – you're mixing documents up in a way that's very confusing to me. That's not ex parte young at Younger v. Harris. Right. The inquiry under ex parte young is whether the complaint alleges an ongoing violation of Federal law and whether the seeks release properly characterizes perspective. And in that respect, Your Honor, we would suggest that it's not clear in this complaint that he is alleging an ongoing violation of Federal law. If you look at the kinds of cases where the court has found that that allegation was clear, for example, Verizon, there was a question in the context of Federal – clearly controlling Federal law possibly preempting the situation in that case. And that is not the case here. And in addition, Your Honor, even issuing this complaint as only declaratory release would not be simply perspective. He's asking for declaratory release, and the effect of that would not be simply perspective because he's asking for declarations that prior decisions of the court were wrong. Okay. You're cutting fairly substantially into your co-counsel's time. I apologize. Well, in response to our question. Thank you, Your Honor. Thank you. Could you put 10 minutes on the clock? Because it was our question that drove this over. Good morning, Your Honor. I'm going to hold you fairly tightly to the 10 you've got. All right. Actually, I think it could be substantially less for my part. We'll be grateful for any gifts you might choose to make. All right. My name is Jonathan Lee. I'm a deputy attorney up here on behalf of three state court judges. Much of the argument that I would have offered has already been able to be presented by my colleague, my co-counsel. I just want to point out to the court that the three state court judges I represent, two of whom are now retired, by the way, are Judge Quintel, who was the presiding judge at the time of the complaint, and two law in motion judges, Judges Garcia and Ketusha. The allegations against those three judges are an as-applied type of case. There's no other purpose for naming these judges in this complaint as far as I can tell. If you look in the exits of record on page 14, as has already been pointed out, the allegations are quite clear that the claim is being made that these three judges somehow conspired to use the vexatious litigant statute. Two judges who are retired presumably are simply out of the case because he's only asking for injunctive and declaratory release. So you might tell us who they are because it seems to me they're out. This is one of the things I wanted to mention, Justice. Judge Quintel retired from the bench. I think he's a mediator of jams now. Judge Garcia is definitely a mediator of jams. Judge Ketusha is still a law in motion judge. You may have seen him on the evening news here in the last couple of months. He's still been making some news here in some exciting cases. He's a law in motion judge. He has no role in the vexatious litigant statute that would be an element of a broad challenge to that statute. He's simply a judge sitting in a law in motion courtroom waiting for parties litigant to bring in motions that they have disagreements about, and that is the only factor of nature in which he's named in this suit. The allegation against Judge Ketusha is that he refused to grant motions to recuse himself. That is neither part and parcel of a broad facial challenge to a statute or anything else that's of any relevance to this case. So the dismissal should be sustained with respect to Judge Ketusha. Well, how would you bring a broad facial challenge to this statute? Let's suppose that Mr. Wolf had done this all in a more orderly fashion than he did and had come in and filed a complaint that said, I've been subject to this vexatious litigant statute in the past. I'm no longer subject to it. I don't have any immediate complaints, but I intend to file some more lawsuits in the future, and I am concerned that they are going to subject me to this statute again, and suppose we thought that was sufficient for standing. Who would he sue? Well, there are state law procedures. There are writs of mandamus. There are state law regulations. Why did he come to federal court? Well, if there's no pending litigation involving the issues and you just simply want to challenge in federal court a law, I suppose that you can do that. But here we've got the work of government. I'm trying to figure out, I mean, because the argument today has made me wonder about this. Who would he sue? If he couldn't sue any particular judges, which is your argument, because no particular judge is responsible for the overall enforcement of the statute, and then we'll be told he can't sue the Judicial Council because it's the government and then we'll be riled against the state. Is there anybody he can sue? When you take a writ of mandate in an ongoing state action, you are naming the superior court as the real party of interest because that, and that happens all the time, and when parties dispute the court's ruling. Now, here's my question. I ask, if in federal court, if he wanted to bring a challenge to this overall statute as a First Amendment problem or something, is there any viable way to put together a lawsuit like that? I don't know. I mean, you don't want to be his lawyer? I'm not asking you. It seems to me that the way, the different ways, that are being made here preclude any lawsuit of this kind. Well, in this posture where you had six ongoing cases in state court, you shouldn't be able to jump to federal court's review decision on the issue. I know that. That's because you didn't have the six cases. Yes. And how about the posture where he has no ongoing cases, he has been prevented in the past, but he's no longer on the list, he has good reason to fear that if he starts to file again, he will be on the list again. You say your particular judges can't be sued because, well, two of them are retired and are no longer hearing cases at all, and the other one's on law and motion and if a suit is filed, it's not going to come before him. Well, and of course, he hasn't filed any suits yet, so we don't know the judge before whom the case will come. If he files a suit, I assume you're going to argue that's barred by worker settlement because all of a sudden we've got the suit. Is the consequence of your argument that he simply can never bring suit in federal court to challenge on federal constitutional grounds the state vexation litigation statute? I was only dealing with the posture that we have here. I would never want to say never. We're trying to figure out where this leads, and it sounds as though it may lead to never. I think given these facts, I would say that he had no recourse in federal court. Obviously, that's my argument. But in a vacuum, can a litigant challenge state law in federal court? There has to be a way. My gut-level reaction is there has to be a way to do it, but I don't know if that's our record or these are all facts here, and I don't think that it is. But you're representing only these three judges? Correct, yes. And two of them are retired and they're working for him, so they're not likely to be recalled and so on? Correct. And the other is on law in motion. Do we know how long he will be on law in motion? I don't understand the internal procedures of the state court well enough to know if that's going to end next year. I believe it's a two-year stint, and I think he's midway, a little bit more than midway through his two years. But you're not really saying it's because he's on law in motion. You're basically saying that any individual judge who does not presently have a case before him is not an appropriate person to be sued. That's right. I'm saying that the appropriate way to take this issue up would have been either through a writ of mandate, a writ of mandamus, which gets you immediate relief in the Court of Appeal, or to take it up as part of your appeal of the six cases. And the only particular thing, if it does not escape our notice, is that the only procedures that you're outlining are in state court. Correct. I believe that was the underpinning of Rockefeller, that the state court systems stand as separate systems at which the head of the Supreme Court, so there is the federal protection throughout. It's federalism. Well, there's many overlapping doctrines that are premised upon the federal system, Rockefeller being only one of them. And Rockefeller says at its core you cannot appeal from a state court judgment to a lower federal court. Correct. I don't think there's a state court judgment out there at the moment from which an appeal is being taken. Well, but that would leave us with the ability to go to federal court for a rule of law in motion. And I think we don't want federal courts to be variable minimums of adjudication. Of course, it would be nonsensical to permit a party to jump to federal court just because they don't like the rule of law in motion, which is what we have here. At most. It may be in part what we have here, but it may not be everything we have here. There may be, it's an 80-some page complaint, and there may be somewhere in there. Well, it's not somewhere in there. It's in the plan for release almost exclusively. I think your point on the motions, Judge, is that he files the complaint in state court. Somebody files a motion against it, and he goes before a motion judge and there's a ruling that a challenge to that judge has to be under Rockefeller because there's nothing else going on between this plaintiff and the system. Right. All right. Thank you. Thank you very much. Thank you both, counsel, on that side. Larry? Your Honor, my colleagues have offered you a whole bunch of different alternative grounds for affirmances, both in their briefs and in their affirmative arguments. Just to get a little bit back to Rooker-Bosman and Younger extensions. Well, let's not get back to Rooker-Bosman. Let's deal with what they said. The state, whether here or later, is going to get out of a limit on the union grounds. Absolutely. All right. Judicial counsel? That's actually pending before this Court in another case. We don't know the answer to that. Okay. But possibly. All right. So then what? Who are the appropriate defendants in this case? It's a question I've pondered about myself, Your Honor. And I think, for a per se litigant, Mr. Wolf did really quite an interesting job of coming up with these. It strikes me that the approach he's taken is absolutely correct. Here's what he did. You have a state legislature that's passed what we believe to be an unconstitutional statute. Certainly, you can't sue the legislature. Typically, if it were like a criminal statute, you'd sue the enforcing authority. You'd go out to the Attorney General and the next party youngster to sue. But the executive doesn't play any role in enforcing the statute. The people who enforce the statute under CCP 391.7 But your problem is everything may turn on the judicial counsel, because the judicial counsel seems to be the administrator. If you can't have them, maybe you can have somebody in the judicial counsel's office as an ex parte young. But what the judges don't see. Well, Your Honor, two points to that.  First, my client sued Deborah Silva, a person who administers the office. Second, the judges do administer it in a way that's very relevant here. Under CCP 391.7, the judges have the ability, not only in response to a motion, but also on their own motion, to impose a pre-filing order. Have any of these judges who actually sued done that? Is there any reason to think they're going to do it in the future? As against my client, there are reasons to believe that they might do it in the future. Have these particular judges done it? I don't know whether these particular judges have done it. Is there a reason to believe that they might do it? Sure. Because the standard... Fairly speculative. We have the clue that he's going to file a case in their court and it's going to be assigned to them, and then they're going to impose the... Well, I actually disagree with that, Your Honor. I think the gravamen of the allegations about the six ongoing state court litigations is, in fact, that he's in court, that he's appeared before some of these judges, and that there's a risk that they might be applying this to him. That said, there was no such order in effect against him at the risk of trial, and I just want to be clear about that. But in a nutshell, what's your best shot at why Mr. Lee's three clients should remain in this case, given what they have done relative to the claimant? Well, Your Honor, the argument that Mr. Lee has made here today, that two of the judges retired, are brand new to me. I would be hard- Well, let's assume that that, for the record, that's not true. They're all sitting there doing their duty. Okay. Why are they still going to stay in the case? Absolutely. So what my client did, since there wasn't an executive branch to go after, he went after people who administer and enforce this statute by, on their own motions, entering these sorts of orders, or at least in a capacity to do that. So he sued the Chief Justice of the State Supreme Court in an individual and a representative capacity. That's in the complaint. He sued Justice Strachman in the Appellate Court, the mid-level, in an individual and representative capacity. He sued law in motion judges. He sued trial judges. He's trying to make sure that he's bound up in this suit everyone who might enforce this statute against a litigant, such that he will get complete relief. The statute will not be enforceable, and he can get a full declaration of its unenforceability because it's unconstitutional. He does that, of course, through the conviction of X. Parte Young, which allows this sort of suit against an administrator seeking only prospective injunctive relief. To the extent that the complaint might be read to look for something else, I believe there's an extraneous allegation in there about wanting restoring all rights to him and to anyone else who's had a problem with the statute. Again, that could be easily amended in the next slide's complaint. The groundsman, as Your Honor points out, in the court for relief, there's no request for damages here. There's a request for injunctive relief. There's a request for a declaration, not a declaration that the judge has made mistakes, but a declaration that this statute is unconstitutional. But I'd like to come back to Judge Nelson's question, and this may be the same question or may be a variation on the question. He sued a number of different judges, but it's not at all clear that if he files again and if the file is assigned to a judge, it will go to these judges. It will go to a judge, but in fact, even if he files in San Francisco, the odds are against it going in front of these individuals, these particular judges, even if they're not retired, just because there are a lot of judges over there. So are they proper defendants? I absolutely think so, Your Honor, and here's why. One of the allegations that you'll find within the complaint is a First Amendment allegation where he alleges that the groundsman, what he's concerned about here, is the chill about his ability to file future litigation. Certainly my client isn't a stranger to the California courts, and were he to go in there, it might well be assigned to one of these judges or one of their fellow judges on their courts, which is, again, why he sued these judges in both an individual and a representative capacity. To be sure, he could go back and sue every judge in the state of California. If that is the proper result under the complaint. He might be able to limit it to San Francisco by saying that's where he intends to file his files. So he could do that as well. If that's the proper course under what this Court believes, then certainly that would be possible in the complaint to get that done. Is it possible that he can get completely relieved, not by suing any of the judges, but rather by suing Ms. DeSilva, whom he has named, who worked together for the Judicial Council? Perspectively on it, I think not. Because her only role, as I understand it, is to compile this blacklist based on orders. There's no such thing as a blacklist. Pardon me, Your Honor. There's a facetious litigant list. Her role is to compile that list based on orders that have been put in place either on motion or on their own motion by these judges. She is purely an administrator of the list. She does not control what the order is. What role does Chief Justice George play here? That is to say, is he sufficiently in charge of the system as an administrator that complete relief could be accorded in an order against Chief Justice George? As far as I understand, he presides over California's Judicial Council. But I don't know that he would be in a position in a day-to-day basis to enter these sort of issues against the litigant. I believe he could. I believe that that's a fact. Is this something, if we allow the suit to go forward, despite the Rooker-Feldman argument and despite the Younger v. Harris argument, do we need to take evidence in the district court as to what the responsibilities are of these various people and what relief might be available against each of these people? Well, I think, Your Honor, to put your finger right on the point, and perhaps I've been trying to answer the question a little bit too thoroughly, the answer is we don't know the answer to a lot of these questions because the suit was dismissed on a motion to dismiss. The only reference to the 11th Amendment in the district court's opinion is that the district court had grave doubts as to whether the suit would be presentable as against the State of California, which I believe Judge Burson is quite right, it's probably not, and as against the Judicial Council of California, which is in front of this Court now in a separate proceeding. There's no commentary as to whether it's appropriate against any of the other judges. I've been trying to answer why I think it is, but certainly this Court need not reach that in order to remand on the two issues the district court did address, Rooker-Feldman and the Younger extension. If the panel has nothing further. Thank you. Thank you very much. We thank all three counsels for a very useful argument in a complex area and making a complex area interesting. The case of Wolf v. Franklin is now submitted. The next case is United States v. Woodard, and we'll wait a minute for the room to rearrange. Thank you very much. Thank you. Thank you. Thank you.
judges: Tg Nelson, W. Fletcher, Berzon